IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES BRIAN GRISHOM<br>*Plaintiff,*<br><br>v.<br><br>WILSON COUNTY, TENNESSEE,<br>SHERIFF ROBERT BRYAN,<br>and TURN KEY HEALTH CLINICS, LLC<br>*Defendants.* | Case No.<br><br>JURY DEMANDED |

## COMPLAINT

Comes now the Plaintiff, PLAINTIFF GRISHOM, by undersigned counsel and for his complaint against the Defendants states the following:

### Introduction

1. Plaintiff James Brian Grishom suffers from a lifelong seizure disorder. He was arrested on a misdemeanor charge on November 7, 2024, by Wilson County Sheriff's deputies. He told the deputies who arrested him and the sheriff's officers at the jail that he had to take his seizure medication or he would have a seizure. No seizure medication was provided because the defendants maintain a custom of prioritizing cost over inmate care which results in delays in medical evaluation and treatment. As a result, Brian Grishom had a seizure and broke his neck. The Defendants are responsible for Brian Grishom's injuries.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with

1

this Complaint arising under a violation of rights conferred by federal statutes and the Constitution of the United States of America.

3. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiff by the Fourteenth Amendment to the United States Constitution.

4. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

5. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## Parties

6. Plaintiff James Brian Grishom is an adult resident of Wilson County, Tennessee.

7. Defendant Wilson County is a political subdivision of the State of Tennessee.

8. Defendant Robert Bryan is the Sheriff of Wilson County, Tennessee. He is sued in his individual capacity.

9. Defendant Turn Key Health Clinics, LLC ("TK Health") is a limited

liability company whose principal place of business is located at 900 NW 12th Street, Oklahoma City, OK 73106. TK Health is the third-party medical provider for the Wilson County Sheriff's Department and may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

## Factual Allegations

10. Plaintiff Grishom is a 59-year-old lifelong resident of Mt. Juliet, Tennessee.

11. Plaintiff Grishom was arrested on misdemeanor charges on November 7, 2024.

12. Plaintiff Grishom suffers from a lifelong seizure disorder that produces grand mal seizures.

13. Plaintiff Grishom is prescribed levetiracetam to manage this condition and his seizures.

14. Levetiracetam is an anticonvulsant medication used to prevent epileptic seizures. Levetiracetam works by stabilizing abnormal electrical activity in the brain and must be taken on a consistent schedule to maintain therapeutic blood levels. Abrupt withdrawal or interruption of this medication substantially increases the risk of breakthrough seizures, loss of consciousness, head trauma, and serious neurological injury.

15. For individuals like Plaintiff Grishom, medications like levetiracetam are not optional or discretionary. They are essential, life-sustaining treatments that prevent catastrophic outcomes such as convulsive seizures, falls, or fatal head and neck injuries.

16. Missed doses of anticonvulsants like levetiracetam can result in severe,

life-threatening events even within a short timeframe.

17. The Wilson County Jail routinely incarcerates individuals who suffer from seizure disorders.

18. Plaintiff Grishom told the arresting officers that he had seizures, needed his seizure medication, and would have a seizure if he did not get his medication.

19. Plaintiff Grishom was booked into the Wilson County Jail on November 7, 2024 as a pretrial detainee.

20. Plaintiff Grishom was at high risk for seizures at the time he was booked into the Wilson County Jail on November 7, 2024.

21. On November 7, 2024 as part of the booking process, Plaintiff Grishom told the guards and the medical intake nurse that he would have a seizure if he did not get his seizure medication.

22. Plaintiff Grishom did not receive any seizure medication.

23. None of the Defendants or any other correctional officers ensured that Plaintiff Grishom received his anti-seizure medication because Wilson County maintained a custom whereby substantial delay in the administration of medications, including essential, life-sustaining treatments like levetiracetam, was routinely tolerated.

24. The Wilson County Sheriff's officers who received Plaintiff Grishom's verbal reports regarding his need for seizure medication failed to treat his condition as a serious medical need and instead disregarded his warnings in accordance with the County's custom of indifference to inmate medical complaints.

25. Plaintiff Grishom missed the dose of levetiracetam he usually took following his last meal of the day.

26. Late in the evening on November 7, 2024, Plaintiff Grishom was in the general population pod at the Wilson County Jail when he felt a seizure coming on.

27. Plaintiff Grishom experienced a seizure and fell onto the concrete floor because he missed his dose of levetiracetam.

28. Plaintiff Grishom seized uncontrollably and fractured a vertebra in his neck.

29. When Plaintiff Grishom woke up from the seizure, guards were hitting him and yelling at him to get up because they were untrained in recognizing medical emergencies like seizures and still did not take Plaintiff Grishom seriously.

30. Plaintiff Grishom was transported to a local Wilson County emergency room and from there, to Vanderbilt University Medical Center in Nashville.

31. As a result of his injuries, surgery was required on Plaintiff Grishom's neck.

32. Defendant Robert Bryan, as the elected sheriff of Wilson County, possesses final decisionmaking authority over the policies and procedures of the Wilson County Jail pertaining to the conditions of inmate confinement.

33. Defendant Robert Bryan, as the elected sheriff of Wilson County, possesses final decisionmaking authority over policies governing correctional officers' implementation of medically ordered accommodations at the Wilson County Jail.

34. Defendant Robert Bryan knew that inmates with seizure disorders were

routinely incarcerated at the Wilson County Jail.

35. The Wilson County Jail has concrete floors.

36. Defendant Robert Bryan knew or had reason to know that inmates with seizure disorders were at a heightened risk of injury in the jail because of the concrete floors and the uncontrollable nature of seizure-induced falls.

37. Defendant Robert Bryan, as Sheriff of Wilson County, failed to establish any written policy or procedure to ensure that inmates' self-reported serious medical conditions like seizure disorders were taken seriously by guards or medical staff.

38. Defendant Robert Bryan, as Sheriff of Wilson County, failed to establish any written policy or procedure to ensure that accommodations were made for inmates suffering from seizure disorders.

39. Defendant Robert Bryan maintained a custom whereby correctional staff were permitted to disregard safety sensitive medical information self-reported by inmates like Plaintiff Grishom.

40. Defendant Robert Bryan maintained a custom whereby correctional staff routinely ignored the serious medical needs of inmates, including Plaintiff, in ways including but not limited to:

   a) Failing to implement any policy or procedure to assure essential medications like levetiracetam were not suddenly discontinued or interrupted upon inmates' arrival at the Wilson County Jail;

   b) Maintaining a custom whereby inmate medical accommodations were disregarded by non-medical correctional staff;

c) Failure to train correctional officers to ensure inmate's self-reported serious medical conditions were communicated to medical staff responsible for providing treatment within the Wilson County Jail;

d) Failing to train correctional officers regarding the obvious risk of injury posed by inmate seizures at the Wilson County Jail, despite the routine frequency with which such inmates were incarcerated at the Wilson County Jail;

e) Failure to train correctional officers to recognize inmate seizures as medical emergencies;

41. Defendant Robert Bryan knew or should have known that delays in administration of essential medications like levetiracetam at the Wilson County Jail posed an excessive risk of injury to inmates at risk for seizures including Plaintiff Grishom.

42. Defendant TK Health contracts with Wilson County for the provision of medical services to inmates housed at the Wilson County Jail.

43. As a result of TK Health's contract with Wilson County, TK Health is subject to the same constitutional obligations to inmates as the County.

44. TK Health fails to provide training to its employees regarding the essential knowledge, tools, preparation, and authority to respond to the recurring medical needs of prisoners in the jail setting.

45. TK Health does not maintain any ongoing training program for the licensed practical nurses it employs to provide jail medical services.

46. TK Health maintains a custom whereby no supervision or monitoring is conducted to ensure that inmates with prescriptions for essential, life-sustaining medications like levetiracetam are administered without interruption when a patient first enters the Wilson County Jail as an inmate.

47. TK Health fails to provide any training about the constitutional obligations of jail medical providers to the licensed practical nurses it employs at the Wilson County Jail.

48. This custom of cost prioritization manifests in, among other ways, the routine understaffing of medical personnel at the Wilson County Jail, where licensed practical nurses employed by TK Health are overburdened and lack the resources or protocols to promptly verify and dispense prescription medications for incoming inmates, leading to delays and treatment interruptions like the interruption in Brian Grishom's levetiracetam administration.

49. These systemic delays are not isolated errors but a deliberate policy choice, as evidenced by the Defendants' failure to allocate sufficient funds for on-site pharmacies or expedited medication procurement processes, thereby exposing pretrial detainees like Grishom to foreseeable and preventable harms in violation of their constitutional rights.

50. Defendant TK Health was well aware of these problems due to the significantly high number of inmates who complained of and suffered injuries at the Wilson County Jail based on a failure to receive adequate medical care.

51. Defendant Bryan was aware of these problems due to the significantly high number of inmates who complained of and suffered injuries at the Wilson County Jail

based on a failure to receive adequate medical care.

52. Defendant Bryan is the final policymaker for Wilson County with respect to the operation of the Wilson County Jail, including the provision of medical care to inmates.

53. As a result of these defendants' acts and omissions, Plaintiff Grishom has suffered severe physical and emotional injuries. The damage to his neck has caused a significant loss of functioning which severely diminishes his quality of life.

### COUNT I: VIOLATION OF THE RIGHT TO DUE PROCESS
### FOURTEENTH AMENDMENT – FAILURE TO PROVIDE MEDICAL CARE
### 42 U.S.C § 1983
### (All Defendants)

54. All paragraphs above are incorporated herein as if fully restated verbatim.

55. All of the actions and omissions committed by Defendants Bryan, TK Health and Wilson County were taken under color of state law because they were each acting under the authority given to them by the government and the acts and omissions were committed within the exercise of their official authority, responsibility, or duties.

56. The constitutional rights afforded to prisoners who have been convicted of any criminal offense under the Eighth Amendment's Cruel and Unusual Punishment Clause extend to pretrial detainees under the Due Process Clause of the Fourteenth Amendment.

57. The Fourteenth Amendment to the United States Constitution requires that pretrial detainees be provided adequate medical care while in the custody of any government entity.

58. Plaintiff Grishom was a pretrial detainee in the Wilson County Jail on

November 7, 2024.

59. Plaintiff Grishom's seizure disorder presented an objectively serious medical need that required medication and accommodation.

60. Jail correctional and medical staff had actual knowledge of Plaintiff Grishom's serious medical need for medication.

61. Jail and medical staff disregarded Plaintiff Grishom's serious medical need for medication to prevent seizures.

62. Jail and medical staff knew or had reason to know that failure to provide an inmate who suffered from seizures with anti-seizure medication created a substantial risk of harm.

63. Defendant Bryan knew or had reason to know that failure to provide an inmate who suffered from seizures with anti-seizure medication created a substantial risk of harm.

64. Defendant Bryan knew or had reason to know that seizure-prone inmates including Plaintiff Grishom were routinely admitted to the Wilson County Jail and were exposed to an excessive risk of harm by the concrete floors, untrained staff, and routine delays and disruptions in administration of essential medications like levetiracetam.

65. Wilson County is liable for the policies, customs, and practices implemented by Defendant Bryan because he is the final policymaker for the Wilson County Jail.

66. Wilson County is liable for Sheriff Bryan's and TK Health's ratification of the correctional officers' disregard for inmates' serious medical needs.

67. Within the meaning of 42 U.S.C. § 1983, TK Health acted under color of state law in providing medical care to pre-trial detainees.

68. Wilson County and Sheriff Bryan are liable for the policies, practices, and customs of TK Health because they delegated final decision-making authority to TK Health concerning the provision of medical care to inmates at the Wilson County Jail.

69. Defendants Bryan, Wilson County, and TK Health, exhibited deliberate indifference to Plaintiff Grishom's serious medical needs by:

a) Maintaining policies, practices, and customs whereby medically necessary accommodations are ignored by correctional staff;

b) Maintaining policies, practices, and customs that allow and cause correctional personnel to disregard the serious medical needs of inmates by failing to take reasonable measures to ensure that medical staff receive critical medical information;

c) Failing to train licensed practical nurses and correctional officers regarding the monitoring and implementation of medically necessary accommodations;

d) Failing to establish policies and procedures whereby critical medical information for detainees is communicated to and implemented by the Sheriff's medical staff;

e) Failing to establish adequate training, procedures, and supervision to ensure that critical medical accommodations are effectively communicated to and implemented by correctional officers;

  f) Maintaining a custom of acquiescence to interference by correctional officers in the provision of critical medical care to inmates at the Wilson County Jail.

70. Sheriff Bryan, Wilson County, and TK Health are policymakers that are aware of, condone, and facilitate by their inaction, the disregard for inmates' serious medical needs within the Wilson County Jail.

71. Wilson County and TK Health are liable for deliberate indifference based on their above-described failure to train medical staff and correctional officers.

72. Wilson County and TK Health are liable for deliberate indifference based on their above-described failure to supervise medical staff and correctional officers.

73. As a result of the defendants' reckless disregard of Plaintiff Grishom's serious medical need, Plaintiff Grishom suffered injuries including pain and suffering, permanent physical and mental injuries, emotional distress, loss of enjoyment of life, reduced life expectancy, and pecuniary damages including extensive past and future medical bills.

74. All of Plaintiff Grishom's injuries and damages were proximately caused by the Defendants' unconstitutional customs, policies, and procedures.

## DAMAGES

75. As a direct and proximate result of the Defendants' violations of his federally protected rights and reckless disregard to his serious medical need, Plaintiff has suffered:

  a) Pain and suffering

b) Physical and mental injuries

c) Pecuniary damages including past and future medical expenses

d) Loss of enjoyment of life

e) Serious mental suffering and emotional distress

76. Based on their intentional and reckless misconduct, Plaintiff Grishom requests an award of punitive damages against Defendants Bryan and TK Health.

### REQUEST FOR RELIEF

Based upon all the foregoing, Plaintiff Grishom requests:

I. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That a Declaratory Judgment be entered;

IV. That Plaintiff Grishom be awarded nominal damages;

V. That Plaintiff Grishom be awarded compensatory damages;

VI. That Plaintiff Grishom be awarded punitive damages against Defendants Bryan. and TK Health in an amount deemed appropriate by a jury;

VII. That Plaintiff Grishom be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988;

VIII. For pre- and post-judgment interest on all damages awarded;

IX. For such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*s/Sarah Mansfield*
Wesley Ben Clark, #32611
Sarah Mansfield #39476
Paul D. Randolph, #39667
BRAZIL CLARK, PLLC
760 East Argyle Ave
Nashville, TN 37203
615-730-8619
wesley@brazilclark.com
sarah@brazilclark.com
paul@brazilclark.com